# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

TODD KOHEN and CAROL KOHEN,     )
          )
         Plaintiffs,    )
          )
v.          )     No. 05-0598-CV-W-DW
          )
FORD MOTOR COMPANY,     )
          )
         Defendant.   )

## ORDER

Before the Court is Defendant's Motion to Dismiss Count I of Plaintiffs' Complaint (Doc. 4). Plaintiffs allege in their Complaint that Plaintiff Todd Kohen was assaulted by Floyd Baxter ("Baxter"), a security guard in the employ of Defendant Ford Motor Company ("Ford") at its Claycomo Plant. Plaintiffs brought a four-count complaint. Count I alleges negligent retention against Ford. Count II alleges premises liability against Ford. Count III alleges respondeat superior against Ford. Count IV alleges loss of consortium against Ford. In its Answer and Affirmative Defenses, Defendant admits that Baxter was acting within the course and scope of his agency with Ford at the time of the alleged assault.

In considering a Rule 12(b)(6) motion, the Court must accept the factual allegations contained in the complaint as true and construe them in the light most favorable to the plaintiff. Botz v. Omni Air Int'l, 286 F.3d 488, 489 (8th Cir. 2002). A court may dismiss for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Knapp v. Hanson, 183 F.3d 786, 788 (8th Cir. 1999).

Defendant argues that, under Missouri law, once it admits an agency relationship—establishing vicarious liability for Ford as to any acts of negligence committed by Baxter—it is

improper to allow Plaintiffs to proceed on their negligent retention claim. The Court agrees.

"Once an employer has admitted respondeat superior . . . it is improper to allow a plaintiff to proceed against an employer on any other theory of imputed liability." McHaffie v. Bunch, 891 S.W.2d 822, 826 (Mo. Banc 1995); see also Hoch v. John Christener Trucking, Inc., 2005 WL 2656958 (W.D. Mo. October 18, 2005); Brown v. Larabee, 2005 WL 1719908 (W.D. Mo. July 25, 2005); Young v. Dunlap, 223 F.R.D. 520 (E.D. Mo. 2004). Not only is this the rule in Missouri, it is the majority rule. See Marquis v. State Farm Fire and Cas. Co., 961 P.2d 1213, 1224 (Kan. 1998)(collecting cases).

For the foregoing reason, the Court GRANTS Defendant's Motion to Dismiss Count I. Count I of Plaintiff's Complaint is DISMISSED.

IT IS SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Court

Date:   November 9, 2005